The opinion of the court was delivered by
McEnery, J.
The defendant was accused of the crime of embezzlement, and gave bond, with one Nicholas Arthur as surety, to appear before the Criminal District Court of the parish of Orleans, to answer said charge.
The bond is in the usual form, and was properly taken and acknowledged before the judge of the First Recorder’s Court for the City of New Orleans.
In the Criminal District Court an information was filed against the defendant for said charge. He appeared and plead-not guilty. He faded to appear for trial, and a judgment was recorded against him and his surety forfeiting the bond.
The surety filed a motion to set aside the judgment of forfeiture on several grounds. The District Attorney, after the filing of the defendant’s motion, also asked that the judgment of forfeiture be set aside. On this motion the judge set aside the judgment of forfeiture.
The ease was then fixed for trial, and the defendant failing to appear a second judgment of forfeiture was rendered. In this latter *418 proceeding the District Attorney offered and filed in evidence the bond, which he had neglected to do in the former forfeiture.
This is an appeal from this second judgment, forfeiting the bond.
The defence is, first, that there could be no second forfeiture of the bond; second, that the defendant surety had filed a motion to set •aside the forfeiture, which was by the judge taken under advisement and undisposed of when the second judgment of forfeiture was rendered, and therefore no proceeding could be had in the case until that was disposed of; third, that the recorders of the city of New Orleans are without authority to take bonds in cases in which the penalty is death or hard labor; fourth, that the bond was not ^authentic, and proof was required of its execution; fifth, that the Criminal District Court of the parish of Orleans had no civil jurisdiction, and can render no moneyed judgment.
1. The judgment setting aside the first forfeiture placed matters in the same condition in which they were before the judgment had been rendered, and the accused was before the court with the crime charged against him, to which he was bound to answer in person from day to day until disposed of, according to the conditions of his appearance bond. It was competent for the court to render any •order in the caso and to fix the same for trial. . The fact therefore of the bond once having been forfeited is no objection after it has been set aside for another judgment of like character to be entered in the case.
2. The judge in setting aside the judgment of forfeiture first entered, granted all that the surety asked and prayed for in his motion, and he therefore has no reason to complain. State vs. Ford (not yet reported).
After the order setting aside the forfeiture had been rendered, there was no motion to this effect pending in the case. It had been disposed of by the judgment. The reasons alleged in this motion by the defendant surety were all to the same effect and purpose, that the judgment of forfeiture should be overruled.
In granting the same relief, sought by the surety, on the motion of the District Attorney, because the judge adopted some of the grounds and omitted others, as his reason for setting aside the judgment does not leave the omitted reasons of the defendant’s counsel as a standing undecided motion.
*419 3. The recorder was fully authorized to take and acknowledge the bond. Act No. 269 of 1859, approved March 17, 1859; Art. 136, Constitution of 1879.
4. The bond was in proper form and duly authenticated by the ■ recorder before whom it was taken. It made full proof of itself. State vs. Lewis, 7 An. 511.
5. Art. 130 of the Constitution of 1879, in defining the jurisdiction of the Criminal District Court for the parish of Orleans, says that it shall have general criminal jurisdiction only.
There is no limitation to its criminal jurisdiction. The forfeiture of the appearance bond and the judgment and execution thereon were proceedings springing directly from a criminal prosecution and were necessarily of the character of criminal jurisdiction.
The forfeiture of a bond in a criminal case for the appearance of the accused is not a civil but a criminal procedure, to be tested alone on a question of jurisdiction by the character of the crime charged against the accused. 7 An. 276; State vs. Williams, 37 An. 200; State vs. Sam. Burns, 38 An. 363.
Judgment affirmed.
Rehearing refused.